[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF RONALD RIPPS, M.D.
In the above-captioned case, the plaintiff physicians assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On October 24, 2000, Anthem served plaintiff Ronald Ripps with interrogatories and requests to produce documents. Dr. Ripps responded on February 20, 2001, and he filed supplemental responses on May 11, 2001. Dr. Ripps filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling Dr. Ripps to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories, specifically, subparts of 1-21 and 25, asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Dr. Ripps identified one such person, his office manager. In his November 18, 2002, response to the motion to compel, he identified twelve additional such persons. Presumably, he intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons, Dr. Ripps takes the very real risk that he will be barred from presenting such additional witnesses at trial. The defendant is entitled to conduct discovery, include depositions, in an CT Page 908 orderly fashion rather than on the eve of trial. Any supplementation of Dr. Ripps' response to these questions must be filed in proper form by May 1, 2003.
2. Response of "Unable to Answer at This Time"
Dr. Ripps has responded to interrogatory 12, which seeks facts supporting this plaintiffs allegation that Anthem "arbitrarily and capriciously amended the (provider) Agreement on various dates . . ." by stating "unable to answer at this time." Anthem complains that this statement is unresponsive; Dr. Ripps counters that he cannot say what he does not know. While a party may deny knowledge of a subject into which an opponent inquires, encountering the risk that lack of facts to support a claim will lead to the defeat of the claim, Dr. Ripps has phrased his answer in a manner that suggests that he may acquire and reveal facts at some other time. While Dr. Ripps cannot be compelled to provide information he has sworn that he does not have, he may not ambush his opponent by acquiring the information at a later time. Accordingly, the court orders that any supplementation of the response shall be made not later than May 1, 2003.
3. Response by Reference to Documents and Deposition Transcript
Anthem complains that Dr. Ripps has responded to Interrogatories 1-7, 8-9
(a), (c) — (e), 10(a) — (d), 11(a), (c) — (e), 13(a) — (d), 14(a) — (e), 15(a) — (d), 16(a), (c), (d), 17(a), 18-19 (a), (c) — (e), 21(a), (c) — (e), 22-26, and requests for production 1-9, 11, 14, 17, 19, and 21-24 by stating only "See documents identified as Defendant's Exhibits 125-140 in the deposition of Ronald Ripps, M.D. that took place on january 18, 2001. In addition, see documents identified as Defendant's Exhibits 141-158 in the depositions of F. Scott Gray, M.D. that took place on February 12, 2001." The response to interrogatory 13 refers Anthem to the deposition of Dr. Edward Collins.
While a response may take the form of a reference to a document, the specific portions of th document where the information sought actually appears must be identified with particularity. The court finds that responses that refer to an entire deposition that covers topics not confined to the single topic of the interrogatory are unresponsive. The plaintiff is ordered to provide a specific response setting forth the information sought no later than May 1, 2003.
In his brief in opposition to the motion to compel, Dr. Ripps purports to disclose additional documents and refer to additional deposition transcripts. Presumably, he intends to supplement in the form required by CT Page 909 PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
4. Lack of Response to Certain Interrogatories
Anthem complains that Dr. Ripps has simply failed to provide any response at all to Interrogatories 8(e), 18(e) and 21(e). Pursuant to P.B. § 13-7, a party to whom interrogatories are directed and who files no timely objection to those interrogatories, must respond under oath to each interrogatory. In his brief in opposition to the motion to compel, Dr. Ripps states "Plaintiff unable to answer. Plaintiff cannot answer what he does not know." Dr. Ripps shall, no later than May 13, 2003, file a supplemental signed response in which he states under oath that he has no knowledge with regard to these three interrogatories.
5. Responses that documents are "Not Applicable"
Anthem complains that Dr. Ripps has responded to requests for production 10, 12, 13, 15, 16 and 20 with "N/A," which Dr. Ripps confirms in his brief in opposition to the motion to compel is meant to convey the phrase "not applicable. If Dr. Ripps means by "not applicable" that he does not make the claim to which each of these requests for production is directed, he must say so unambiguously. If he means that he does not have any such documents, he must say that unambiguously. His present answers are ambiguous and unresponsive. Dr. Ripps shall provide clear responses and produce any responsive documents in his possession, custody or control no later than May 13, 2003.
1. (sic) Failure to Provide all Responsive Documents
Anthem complains that Dr. Ripps has responded to interrogatories 1(c),4-7 (c), 9(c), 10(c) and requests for production 1-4, 8 and 14, which relate to the plaintiffs claim that Anthem did not make timely and appropriate payments for the services plaintiff rendered and his claim that Anthem failed to maintain adequate records concerning payments, by producing some documents but not all of the documents that Anthem surmises he possesses with regard to these claims.
Anthem has not identified any documents that it knows are in this plaintiffs possession, custody or control that he has failed to produce. If in fact Dr. Ripps has withheld responsive documents, he faces the probable outcome that he will be unable to present such documents in evidence at trial. This court does not, however, have any basis for concluding that Dr. Ripps has withheld responsive documents. CT Page 910
Conclusion
The court finds that Dr. Ripps has failed to comply with Anthem's discovery in the respects identified above and grants the motion to the extent set forth above. Compliance shall be made no later than May 1, 2003.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 911